**Steven REX, Appellant**

v.

**LEHIGH COUNTY PRISON; Warden Meisel.**

No. 12–4299.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 14, 2013.

Opinion filed: March 27, 2013.

Steven Rex, Walnutport, PA, pro se.

John R. Ninosky, Esq., Johnson, Duffie, Stewart & Weidner, Lemoyne, PA, for Defendant–Appellee.

Before: AMBRO, SMITH and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Pro se appellant Steven Rex appeals the District Court's order dismissing his complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District

Court's order. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 128 & n. 4 (3d Cir.2010). Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Rex, a state prisoner, filed a complaint in the District Court against Lehigh County Prison and its warden, Dale A. Meisel, alleging that they violated his Eighth Amendment rights by providing him with inadequate medical care. More specifically, he claimed that on July 8 2011, he was involved in a motorcycle accident and he fractured his tibia and tore the surrounding ligaments and tendons. That night after the accident, Rex was arrested for driving under the influence. Because Rex was injured, the jail would not accept him and he was taken to Sacred Heart Hospital. He alleged that Prime Care, Inc., the company that provides medical treatment within the prison, was unable to handle his injury and scheduled him for outside medical services. Overall, Rex alleged that the defendants denied him continuing medical treatment and therapy and that he has been permanently disabled as a result.

The defendants filed motions to dismiss on the grounds that Lehigh Prison was not a legal entity that could be sued and that there were no allegations that Warden Meisel was involved in Rex's medical treatment. The District Court concluded that Rex's complaint failed to state a claim, but because Rex was pro se, the District Court held three telephone conferences on the record to determine whether Rex had additional facts that could make out a claim for inadequate medical care. The District Court also facilitated additional medical treatment for Rex, urging him to put in a

sick call for requests for an MRI and for acid reflux. According to the transcripts of the phone conferences, Rex received an MRI and he was sent out for a physical therapy evaluation and given an exercise program to increase the strength in his leg. Rex also received medication for the acid reflux. After these phone conferences, the District Court dismissed Rex's complaint with prejudice, finding that it would be futile to allow him to amend his complaint to add Lehigh County or Prime Care as defendants. Rex timely appealed.

We agree with the District Court's determination that Rex's complaint fails to state a cause of action and that any leave to amend would be futile. In the context of Eighth Amendment claims based on medical care, a plaintiff must demonstrate deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir.2009). For instance, a plaintiff may make this showing by establishing that the defendants "intentionally den[ied] or delay[ed] medical care." *Id.* (quotation marks omitted). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n. 2 (3d Cir.1979) (internal quotation marks omitted).

██ Here, Rex has not asserted deliberate indifference on the part of prison officials.[1] First, we agree with the District

---

1. To the extent that Rex claims Sacred Heart Hospital improperly treated his injuries, Sa- cred Heart Hospital is not run by the prison or Prime Care and, therefore, it is not a state

Court that Rex has not alleged any personal involvement in his medical treatment by Warden Meisel. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that liability in a § 1983 action must be predicated on personal involvement, not on the basis of respondeat superior). Second, Rex has acknowledged that the prison provided him treatment, as evidenced by the fact that he was taken to the hospital for treatment when he was first arrested, and upon his request he was taken for an MRI and given medication for his acid reflux. We agree with the District Court that such conduct does not provide any basis for deliberate indifference. We are satisfied that amendment to Rex's complaint would be futile, and therefore conclude that the District Court properly dismissed the complaint without providing leave to amend.[2] *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir.2002). Accordingly, we will summarily affirm the District Court's order dismissing Rex's complaint because the appeal presents no substantial question and we deny Rex' motion for appointment of counsel.

---

actor for purposes of Rex's Eighth Amendment claim. *See Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993) (holding that a § 1983 claim has two essential elements: (1) the conduct complained of must be "committed by a person acting under color of state law"; and (2) this conduct must "deprive[ ] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States" (internal quotation marks omitted)). Accordingly, we focus on the actions of the prison officials and Prime Care in evaluating Rex's claim.

2. On November 6, 2012, Rex filed a motion for leave to file an amended complaint. The District Court denied the motion because at that point the case was closed. In any event, the amendment, if allowed, would not have changed the outcome.